UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.<br><br>            Defendant. | CASE NO. C11-5731 BHS-JRC<br><br>ORDER RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GIVING PLAINTIFF PROPER WARNINGS WITH THE OPPORTUNITY TO SUBMIT ADDITIONAL BRIEFING |

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

The Court reviewed this case and note that defendants have failed to give plaintiff warnings contemporaneously with the filing of the dispositive motion as required. *See*, *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

ORDER RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GIVING PLAINTIFF PROPER WARNINGS WITH THE OPPORTUNITY TO SUBMIT ADDITIONAL BRIEFING - 1

On July 6, 2012, the Ninth Circuit issued its opinion in *Woods v. Carey*, 684 F3d. 934 (9th Cir. 2012) and held that failure to give plaintiff warnings at the time of moving for summary judgment required reversal. *Woods*, 684 F.3d at 941.

The Ninth Circuit stated:

> ...We express the same faith as other circuits in "trust[ing] that counsel for the defendants in prisoner civil rights cases in this circuit will lift this new burden from the judges' shoulders, by henceforth including in any motion for summary judgment [or motion to dismiss] in a case where the plaintiff is not assisted by counsel a short and plain statement [as required under *Rand* and *Wyatt* ]." *Lewis*, 689 F.2d at 102. If, however, such defendants fail to provide appropriate notice, "the ultimate responsibility of assuring that the prisoner receives fair notice remains with the district court." *Rand*, 154 F.3d at 960.

It becomes this Court's duty to provide proper warnings as they were not given with the motion.

> If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party should acquaint him/herself with Fed. R. Civ. P. 56. Fed. R. Civ. P. 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

Plaintiff will have until December 21, 2012 to submit additional briefing. The plaintiff's brief will be limited to ten pages, but there is not a page limit on exhibits or affidavits.

ORDER RE-NOTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND GIVING
PLAINTIFF PROPER WARNINGS WITH THE
OPPORTUNITY TO SUBMIT ADDITIONAL
BRIEFING - 2

1  Defendants may file a ten page response on or before December 28, 2012. The Clerk's
2  Office is directed to remove and re-note Defendants' motion for summary judgment (ECF No.
3  17), for January 4, 2013.

   Dated this 19th day of November, 2012.

   *[signature]*

   J. Richard Creatura
   United States Magistrate Judge

24 ORDER RE-NOTING DEFENDANTS' MOTION
   FOR SUMMARY JUDGMENT AND GIVING
   PLAINTIFF PROPER WARNINGS WITH THE
   OPPORTUNITY TO SUBMIT ADDITIONAL
   BRIEFING - 3